IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MYSTIC LOGISTICS, LLC, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO.:_____ |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| SHIPPING AND TRANSIT, LLC, | : | JULY 21, 2015 |
| | : | |
| Defendant. | : | |

**PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT, INVALIDITY AND UNENFORCEABILITY**

Plaintiff Mystic Logistics, LLC ("Mystic" or "Plaintiff") files this complaint for declaratory judgment of patent non-infringement, invalidity, and unenforceability against the Defendant Shipping and Transit, LLC ("S&T" or "Defendant").  Mystic alleges as follows:

**NATURE OF THE ACTION**

1.     This is a civil action arising under the patent laws of the United States, Title 35, United States Code, seeking a declaration of non-infringement, unenforceability, and invalidity of U.S. Patent Nos. 6,952,645 (the "'645 patent"), 6,904,359 (the "'359 patent"), 7,030,781 (the "'781 patent"), 7,400,970 (the "'970 patent"), and 6,317,060 (the "'060 patent") (attached hereto as Exhibits A-E and referenced collectively as the "S&T Patents.") .

2.     Mystic is a Connecticut limited liability company headquartered in South Glastonbury, Connecticut.  Founded in 1989 by Samuel J. Campbell as Mystic Transport Services, Inc., for over twenty-five years this Connecticut company has provided logistics support for retailers, direct marketing firms, manufacturers, and financial institutions.

3.      S&T has asserted that Mystic is infringing claims of the five S&T Patents.  Mystic denies

that it has infringed any of the S&T Patents and, upon information and belief, alleges that the

S&T Patents are unenforceable due to laches and invalid under at least 35 U.S.C. §§ 101, 102,

103, and 112.

## THE PARTIES

4.      Plaintiff Mystic is a limited liability company organized and existing under the laws of

the State of Connecticut with a principal place of business at 2187 New London Turnpike, South

Glastonbury, Connecticut.

5.      Upon information and belief, Defendant S&T is a limited liability company organized

under the laws of the State of Florida with its principal place of business at 711 SW 24th Avenue,

Boynton Beach, Florida.

6.      Upon information and belief, S&T does not practice the S&T Patents.  Upon information

and belief, S&T acquired the S&T Patents from ArrivalStar, S.A./Melvino Technologies Limited

(collectively, "ArrivalStar/Melvino"), entities that similarly did not practice the S&T Patents.  In

the past, ArrivalStar/Melvino has filed numerous patent infringement lawsuits on the S&T

Patents.

7.      In 2013, ArrivalStar/Melvino filed the most complaints for patent infringement of any

plaintiff in the United States.  Specifically, ArrivalStar/Melvino filed 137 patent infringement

complaints in 2013, including 133 cases on the '645 Patent (the most often asserted patent in the

United States in 2013), 130 cases on the '359 Patent (the second most often asserted patent in the

United States in 2013),  118 cases on the '970 Patent (the third most often asserted patent in the

United States in 2013), and 68 cases on the '781 Patent (the sixth most often asserted patent in the United States in 2013).[1]

## JURISDICTION AND VENUE

8.      This is an action for declaratory judgment arising under the patent laws of the United States, Title 35, United States Code; and 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act).  Thus, this Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338, 2201-2202, and 35 U.S.C. §§ 271, *et seq*.

9.      Upon information and belief, this Court has personal jurisdiction over S&T because S&T has repeatedly injected itself into Connecticut through its efforts to license and enforce the S&T Patents through repeatedly sending demand letters to companies in Connecticut, has conducted business in Connecticut by demanding license fees from Connecticut companies, and has systematic contacts with Connecticut through its licensing and enforcement efforts.  For example:

(a)      S&T has written letters to Mystic in Connecticut and its counsel in Connecticut demanding that Mystic pay S&T money for licenses to the S&T Patents and threatening to sue Mystic for infringement of the S&T Patents.  *See* S&T's Demand Letters to Mystic, attached hereto as Exhibits F ("May Demand Letter"), G ("June Demand Letter"), and H ("July Demand Letter");

(b)      Upon information and belief, S&T has conducted business related to licensing and enforcement of the '359, '781, and '970 patents and U.S. Patent No. 6, 975,998 with two other

---

[1] *See* Owen Byrd and Brian Howard, *Lex Machina 2013 Patent Litigation Year in Review* (2014) at 8-9 (available at: https://www.law.berkeley.edu/files/2013_Patent_Litigation_Year_in_Review_Full_Report_(MLex_Machina).pdf) (last visited July 21, 2015).

Connecticut companies and sued these Connecticut companies for patent infringement in the Southern District of Florida. *See, e.g., Shipping and Transit, LLC v. Edible Arrangements, LLC*, Docket No. 1:15-cv-21599-CMA, Docket Item No. 1 ¶ 6 (S.D. Fla. Apr. 28, 2015); *Shipping and Transit, LLC v. Initial Reaction, LLC*, Docket No. 9:15-cv-80607, Docket Item No. 1 ¶ 6 (S.D. Fla. May 12, 2015). The Connecticut Secretary of State lists Edible Arrangements, LLC as a Connecticut limited liability company with a mailing address of "95 Barnes Road, Wallingford, CT 06492." The Connecticut Secretary of State lists Initial Reaction, LLC as a Connecticut limited liability company with a mailing address of "303 Linwood Avenue, Fairfield, CT, 06824."

(c)     Upon information and belief, S&T has sued Brooks Brothers, Inc. for patent infringement on the same S&T Patents that S&T now asserts against Mystic. The Connecticut Secretary of State's website lists Brooks Brothers, Inc. as a foreign corporation (Delaware) authorized to conduct business in the State of Connecticut and identifies Brooks Brothers, Inc.'s mailing address as: "General Counsel, 100 Phoenix Avenue, Enfield, CT, 06082." Upon information and belief, S&T entered into a patent license agreement for the S&T Patents with Brooks Brothers, Inc. *See ArrivalStar S.A., et al v. Brooks Bros., Inc.*, 1:11-cv-20166-WMH (S.D. Fla. 2011) Compl. (Doc. No. 1) (asserting '970, '060, '359, '781, and '645 patents); Notice of Dismissal (Doc. No. 32); May Demand Letter, Ex. F at 10 (listing "Brooks Brothers" as a "company sued for various types of patent infringement" under header "Shipping's Licensing Program").

10.     Venue of this action is proper in the District of Connecticut under 28 U.S.C. § 1391(b)(1) and (2) because S&T is subject to the personal jurisdiction of this Court under 28 U.S.C. §

1391(c)(2).  In addition, a substantial part of the events giving rise to Mystic's claims occurred in Connecticut.

## FACTUAL BACKGROUND

**S&T Targets Mystic**

11.     As set forth herein, S&T has asserted that Mystic infringes the S&T Patents and has indicated that S&T will sue Mystic for patent infringement unless Mystic pays S&T money.

12.     On May 18, 2015, Shipping and Transit, LLC and Martin Kelly Jones, through counsel, sent Mystic a letter at its South Glastonbury, Connecticut headquarters, entitled:

> **Re: Shipping and Transit, LLC – *Patent Infringement***
> ***U.S. Patent Numbers: 6,952,645; 6,904,359; 7,030,781; 7,400,970***
> **File: Mystic Logistics, LLC.**

Ex. F (emphasis added).  S&T marked the May Demand Letter "For Settlement Purposes Only Pursuant to Federal Rule of Evidence 408."

13.     In the May Demand Letter, S&T threatened to sue Mystic for infringement of the S&T Patents, as well as other unidentified patents.  S&T demanded a lump sum license fee for a license to the S&T Patents and S&T's entire portfolio of U.S. and Canadian patents.

14.     The attorney who signed the May Demand Letter on behalf of S&T is also counsel of record for S&T in at least thirteen (13) separate patent infringement lawsuits that S&T has initiated against other defendants in the Southern District of Florida, including two recent lawsuits filed against Connecticut companies.  *See, e.g.*, *Shipping and Transit, LLC v. Edible Arrangements, LLC*, Docket No. 1:15-cv-21599-CMA (S.D. Fla.); *Shipping and Transit, LLC v. Initial Reaction, LLC*, Docket No. 9:15-cv-80607 (S.D. Fla.).

15.     In the May Demand Letter, S&T noted that Shipping and Transit, LLC "was formerly known as ArrivalStar S.A. and Melvino Technologies Limited" and that the counsel sending the May Demand Letter represented Defendant and Martin Kelly Jones in "licensing and **enforcement of** ArrivalStar's United States Patent Numbers 6,904,359 ('the '359 patent'); 6,952,645 ('the '645 patent'); 7,400,970 ('the '970 patent'); 7,030,781 ('the '781 patent') and 25 additional related U.S. patents, five Canadian patents, and any patents that issue in the future from Shipping's several pending U.S. patent applications and their foreign counterparts . . . ." Ex. F (emphasis added).

16.     The May Demand Letter argued that Mystic's "Tracking System, Mystic Logistics Load Service ('MLLS') (including but not limited to Cargo Tracking, Automated ETA, etc.[]) and other tracking and messaging systems use patented technologies . . . that infringes [sic] claims of the '359, '645, '781, and '970 patents, and likely many of the other 33 patents in [Defendant's] portfolio." *Id.* at 1.  Mystic has denied these allegations.

17.     S&T made sure to remind Mystic that S&T has sued other companies on the S&T Patents.  Specifically, the May Demand Letter stated that S&T "has, when necessary, filed and **aggressively litigated patent infringement lawsuits** to enforce its patent rights" (*id.* at 7) (emphasis added) and went on to list 28 patent infringement lawsuits by case name that ArrivalStar filed (*id.* at 7-9) and then list 62 "other companies sued for various types of patent infringement . . . ." *Id.* at 9-10.

18.     The May Demand Letter stated that S&T has been "very successful enforcing its patent rights through both licensing and litigation." *Id.* at 10.

19.     The May Demand Letter also stated that S&T had licensed its patents to 45 companies, and *had sued 89 other companies*.  *Id.* at 7-10.

20.     The May Demand Letter stated that "[a]lthough many of these licenses were granted *in settlement of patent infringement actions* filed by [S&T], many resulted from amicable business negotiations prior to any litigation."  *Id.* at 2 (emphasis added).

21.     The May Demand Letter stated that purported inventor Martin Kelly Jones had filed "patent infringement lawsuits in the federal courts when necessary."  *Id.* at 3 (emphasis added).

22.     The May Demand Letter closed by explicitly threatening Mystic with litigation in the United States and Canada.  *Id.* at 10-11.  Specifically, S&T stated: "If appropriate and necessary, the Canadian lawyers representing the Canadian patents may proceed after their own infringement . . . and *we will proceed accordingly here in the court system of the United States* whether Canadian litigation ensues or not."  *See Id.* (emphasis added).

23.     On June 5, 2015, Mystic's Connecticut counsel responded to S&T's May Demand Letter denying infringement and requesting, *inter alia*, an "element-by-element analysis" for each patent claim of each patent that S&T accused Mystic of infringing, as well as all supporting materials and all prior licenses to S&T's patents.  To date, S&T has refused to comply with all of Mystic's requests: S&T has not provided an element-by-element analysis for each claim it asserts against Mystic; S&T has not produced all supporting material (to the extent it exists); and S&T has not produced any prior licenses.

**June Lawsuit Threats**

24.    On June 16, 2015, S&T wrote Mystic another letter ("June Demand Letter") and enclosed purported claim charts for only one claim of the '970 patent and for one claim of a newly-asserted U.S. Patent No. 6,317,060 (the "'060 patent.").  *See* June Demand Letter, Ex. G.

25.    On June 29, 2015, Mystic's Connecticut counsel responded to the June Demand Letter, explaining some of the various reasons why it was impossible for Mystic to infringe the S&T Patents due to Mystic's accused systems and methods not meeting all the asserted claim limitations.  Mystic's letter also explained other reasons why Mystic's systems did not infringe the S&T Patents, and it explained that the S&T Patents are likely invalid, *inter alia*, for not claiming patent-eligible subject matter under 35 U.S.C. § 101 and *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014) and its progeny.

**July Lawsuit Threats**

26.    On July 15, 2015, S&T sent another letter ("July Demand Letter") stating for the first time that "in 2009 Mystics [sic] DSMYS system" infringed the S&T Patents, and averring that Mystic's statements in its previous letter admitted that Mystic infringes.  *See* July Demand Letter, Ex. H at 1-2.  In fact, S&T's statements betray a fundamental misreading of the S&T Patent claim language, misreading of the applicable case law, and misunderstanding of the technology Mystic employs, which does not infringe the S&T Patents.

**The Controversy**

27.     As a result of S&T's threats of litigation, there presently exists an actual, present, and justiciable controversy regarding Mystic's right to use technology free from threats of patent infringement by S&T because:

(a)     S&T continues to allege that Mystic infringes the S&T Patents despite Mystic's detailed explanations to the contrary,

(b)     S&T refuses to heed Mystic's warnings that its patents are likely invalid for, *inter alia*, not claiming patent-eligible subject matter under 35 U.S.C. § 101 and *Alice*, 134 S. Ct. 2347, and its progeny, and

(c)     S&T has explained that it is litigious and intends, if Mystic does not pay it money, to make Mystic its next defendant.  *See* Ex. F at 7-11.

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment of Non-Infringement of the '645 patent)

28.     Mystic re-avers and re-states the foregoing Paragraphs 1-27 inclusively as if fully set forth herein.

29.     This is an action for declaratory judgment arising under the patent laws of the United States, Title 35, United States Code; and 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act).  As an actual, present, and justiciable controversy exists by way of the credible threat of immediate litigation, Mystic seeks relief from this Court.

30.     Mystic is entitled to declaratory judgment that it is not infringing, has not infringed, and is not liable for infringing, either directly or indirectly, the '645 patent because, *inter alia*, neither Mystic's "Tracking System, Mystic Logistics Load Service ('MLLS') (including but not limited

to Cargo Tracking, Automated ETA, etc.[])", Ex. F, "DSMYS system", Ex. H, nor any other

technology or methods Mystic employs or has employed infringes the '645 patent.

## SECOND CLAIM FOR RELIEF
### (Declaratory Judgment of Non-Infringement of the '359 patent)

31.      Mystic re-avers and re-states the foregoing Paragraphs 1-27 inclusively as if fully set

forth herein.

32.      This is an action for declaratory judgment arising under the patent laws of the United

States, Title 35, United States Code; and 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment

Act).  As an actual, present, and justiciable controversy exists by way of the credible threat of

immediate litigation, Mystic seeks relief from this Court.

33.      Mystic is entitled to declaratory judgment that it is not infringing, has not infringed, and

is not liable for infringing, either directly or indirectly, the '359 patent because, *inter alia*, neither

Mystic's "Tracking System, Mystic Logistics Load Service ('MLLS') (including but not limited

to Cargo Tracking, Automated ETA, etc.[])", Ex. F, "DSMYS system", Ex. H, nor any other

technology or methods Mystic employs or has employed infringes the '359 patent.

## THIRD CLAIM FOR RELIEF
### (Declaratory Judgment of Non-Infringement of the '781 patent)

34.      Mystic re-avers and re-states the foregoing Paragraphs 1-27 inclusively as if fully set

forth herein.

35.      This is an action for declaratory judgment arising under the patent laws of the United

States, Title 35, United States Code; and 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment

Act).  As an actual, present, and justiciable controversy exists by way of the credible threat of immediate litigation, Mystic seeks relief from this Court.

36.    Mystic is entitled to declaratory judgment that it is not infringing, has not infringed, and is not liable for infringing, either directly or indirectly, the '781 patent because, *inter alia*, neither Mystic's "Tracking System, Mystic Logistics Load Service ('MLLS') (including but not limited to Cargo Tracking, Automated ETA, etc.[])", Ex. F, "DSMYS system", Ex. H, nor any other technology or methods Mystic employs or has employed infringes the '781 patent.

## FOURTH CLAIM FOR RELIEF
### (Declaratory Judgment of Non-Infringement of the '970 patent)

37.    Mystic re-avers and re-states the foregoing Paragraphs 1-27 inclusively as if fully set forth herein.

38.    This is an action for declaratory judgment arising under the patent laws of the United States, Title 35, United States Code; and 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act).  As an actual, present, and justiciable controversy exists by way of the credible threat of immediate litigation, Mystic seeks relief from this Court.

39.    Mystic is entitled to declaratory judgment that it is not infringing, has not infringed, and is not liable for infringing, either directly or indirectly, the '970 patent because, *inter alia*, neither Mystic's "Tracking System, Mystic Logistics Load Service ('MLLS') (including but not limited to Cargo Tracking, Automated ETA, etc.[])", Ex. F, "DSMYS system", Ex. H, nor any other technology or methods Mystic employs or has employed infringes the '970 patent.

## FIFTH CLAIM FOR RELIEF
### (Declaratory Judgment of Non-Infringement of the '060 patent)

40.     Mystic re-avers and re-states the foregoing Paragraphs 1-27 inclusively as if fully set forth herein.

41.     This is an action for declaratory judgment arising under the patent laws of the United States, Title 35, United States Code; and 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act).  As an actual, present, and justiciable controversy exists by way of the credible threat of immediate litigation, Mystic seeks relief from this Court.

42.     Mystic is entitled to declaratory judgment that it is not infringing, has not infringed, and is not liable for infringing, either directly or indirectly, the '060 patent because, *inter alia*, neither Mystic's "Tracking System, Mystic Logistics Load Service ('MLLS') (including but not limited to Cargo Tracking, Automated ETA, etc.[])", Ex. F, "DSMYS system", Ex. H, nor any other technology or methods Mystic employs or has employed infringes the '060 patent.

## SIXTH CLAIM FOR RELIEF
### (Declaratory Judgment of Invalidity of the '645 patent)

43.     Mystic re-avers and re-states the foregoing Paragraphs 1-27 inclusively as if fully set forth herein.

44.     This is an action for declaratory judgment arising under the patent laws of the United States, Title 35, United States Code; and 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act).  As an actual, present, and justiciable controversy exists by way of the credible threat of immediate litigation, Mystic seeks relief from this Court.

45.     Mystic contends that the '645 patent is invalid for failure to comply with one or more of the requirements for patentability as set forth, *inter alia*, in 35 U.S.C. §§ 101, 102, 103, 112.

46.     An actual and justiciable controversy exists between Mystic and Defendant as to whether the '645 patent is valid.

47.     Accordingly, a valid and justiciable controversy has arisen and exists between Mystic and Defendant.  Mystic seeks a declaratory judgment under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 that the claims of the '645 patent are invalid and granting Mystic all other declaratory relief to which it may be entitled.

## SEVENTH CLAIM FOR RELIEF
### (Declaratory Judgment of Invalidity of the '359 patent)

48.     Mystic re-avers and re-states the foregoing Paragraphs 1-27 inclusively as if fully set forth herein.

49.     This is an action for declaratory judgment arising under the patent laws of the United States, Title 35, United States Code; and 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act).  As an actual, present, and justiciable controversy exists by way of the credible threat of immediate litigation, Mystic seeks relief from this Court.

50.     Mystic contends that the '359 patent is invalid for failure to comply with one or more of the requirements for patentability as set forth, *inter alia*, in 35 U.S.C. §§ 101, 102, 103, 112.

51.     An actual and justiciable controversy exists between Mystic and Defendant as to whether the '359 patent is valid.

52.     Accordingly, a valid and justiciable controversy has arisen and exists between Mystic and Defendant.  Mystic seeks a declaratory judgment under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 that the claims of the '359 patent are invalid and granting Mystic all other declaratory relief to which it may be entitled.

## EIGHTH CLAIM FOR RELIEF
### (Declaratory Judgment of Invalidity of the '781 patent)

53.     Mystic re-avers and re-states the foregoing Paragraphs 1-27 inclusively as if fully set forth herein.

54.     This is an action for declaratory judgment arising under the patent laws of the United States, Title 35, United States Code; and 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act).  As an actual, present, and justiciable controversy exists by way of the credible threat of immediate litigation, Mystic seeks relief from this Court.

55.     Mystic contends that the '781 patent is invalid for failure to comply with one or more of the requirements for patentability as set forth, *inter alia*, in 35 U.S.C. §§ 101, 102, 103, 112.

56.     An actual and justiciable controversy exists between Mystic and Defendant as to whether the '781 patent is valid.

57.     Accordingly, a valid and justiciable controversy has arisen and exists between Mystic and Defendant.  Mystic seeks a declaratory judgment under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 that the claims of the '781 patent are invalid and granting Mystic all other declaratory relief to which it may be entitled.

## NINTH CLAIM FOR RELIEF
### (Declaratory Judgment of Invalidity of the '970 patent)

58.     Mystic re-avers and re-states the foregoing Paragraphs 1-27 inclusively as if fully set forth herein.

59.     This is an action for declaratory judgment arising under the patent laws of the United States, Title 35, United States Code; and 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act).  As an actual, present, and justiciable controversy exists by way of the credible threat of immediate litigation, Mystic seeks relief from this Court.

60.     Mystic contends that the '970 patent is invalid for failure to comply with one or more of the requirements for patentability as set forth, *inter alia*, in 35 U.S.C. §§ 101, 102, 103, 112.

61.     An actual and justiciable controversy exists between Mystic and Defendant as to whether the '970 patent is valid.

62.     Accordingly, a valid and justiciable controversy has arisen and exists between Mystic and Defendant.  Mystic seeks a declaratory judgment under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 that the claims of the '970 patent are invalid and granting Mystic all other declaratory relief to which it may be entitled.

## TENTH CLAIM FOR RELIEF
### (Declaratory Judgment of Invalidity of the '060 patent)

63.     Mystic re-avers and re-states the foregoing Paragraphs 1-27 inclusively as if fully set forth herein.

64.     This is an action for declaratory judgment arising under the patent laws of the United States, Title 35, United States Code; and 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment

Act).  As an actual, present, and justiciable controversy exists by way of the credible threat of immediate litigation, Mystic seeks relief from this Court.

65.     Mystic contends that the '060 patent is invalid for failure to comply with one or more of the requirements for patentability as set forth, *inter alia*, in 35 U.S.C. §§ 101, 102, 103, 112.

66.     An actual and justiciable controversy exists between Mystic and Defendant as to whether the '060 patent is valid.

67.     Accordingly, a valid and justiciable controversy has arisen and exists between Mystic and Defendant.  Mystic seeks a declaratory judgment under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 that the claims of the '060 patent are invalid and granting Mystic all other declaratory relief to which it may be entitled.

### ELEVENTH CLAIM FOR RELIEF
#### (Declaratory Judgment of Unenforceability due to Laches)

68.     Mystic re-avers and re-states the foregoing Paragraphs 1-27 inclusively as if fully set forth herein.

69.     This is an action for declaratory judgment arising under the patent laws of the United States, Title 35, United States Code; and 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act).  As an actual, present, and justiciable controversy exists by way of the credible threat of immediate litigation, Mystic seeks relief from this Court.

70.     Defendant contends that it was aware of what accused product Mystic was using in 2009, *see* Ex. H at 1-2 (stating that "in 2009 Mystics [sic] DSMYS system" infringed Defendant's patents).

-16-

71.     On information and belief, Defendant has been, or should have been, aware of Mystic's website, products, and services for many years.

72.     On information and belief, Defendant delayed in bringing a patent infringement lawsuit against Mystic.

73.     On information and belief, this delay was unreasonable and unexcused.

74.     Defendant's delay has caused at least one of economic and evidentiary prejudice to Mystic.

75.     Defendant is barred in whole or in part from enforcing the '645, '359, '781, '970, and '060 patents, or otherwise barred from obtaining damages for any alleged infringement of any of the '645, '359, '781, '970, and '060 patents under the doctrine of laches.

76.     As a result of the acts described in the foregoing paragraphs, a substantial controversy exists of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

77.     Accordingly, a judicial declaration is necessary and appropriate so that Mystic may ascertain its rights regarding Defendant's ability to enforce the '645, '359, '781, '970, and '060 patents or otherwise recover for any alleged infringement of the '645, '359, '781, '970, and '060 patents.

## PRAYER FOR RELIEF

WHEREFORE, Mystic seeks judgment awarding it the following relief:

A.      A declaration that Mystic, including its alleged "Tracking System, Mystic Logistics Load Service ('MLLS') (including but not limited to Cargo Tracking, Automated ETA, etc.[])", Ex. F, "DSMYS system", Ex. H, and other technology Mystic employs or has employed, has not infringed, willfully infringed, induced others to infringe or contributed to the infringement of any valid claims of the '645, '359, '781, '970, and '060 patents;

B.      A declaration that the '645, '359, '781, '970, and '060 patents are invalid under 35 U.S.C. §§ 101, 102, 103 and/or 112;

C.      A declaration that the '645, '359, '781, '970, and '060 patents are unenforceable and that any damages S&T claims are barred in whole or in part by the doctrine of laches;

D.      Preliminarily and permanently enjoining S&T, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with it who receive actual notice by personal service or otherwise, from asserting or threatening to assert against customers, potential customers or users of Mystic's products, including its alleged "Tracking System, Mystic Logistics Load Service ('MLLS') (including but not limited to Cargo Tracking, Automated ETA, etc.)", Ex. F, "DSMYS system", Ex. H, and other technology Mystic employs or has employed, any charge of infringement of the '645, '359, '781, '970, and '060 patents;

E.      Preliminarily and permanently enjoining Defendant, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with it who receive actual notice by personal service or otherwise, from filing or prosecuting any civil action or actions against Mystic's products, including its alleged "Tracking System, Mystic Logistics Load Service ('MLLS') (including but not limited to Cargo Tracking, Automated ETA, etc.)", Ex. F,

-18-

"DSMYS system", Ex. H, and other technology Mystic employs or has employed, or its customers, or users of the Mystic products, for alleged infringement of the '645, '359, '781, '970, and '060 patents;

      F.     An Order declaring that Mystic is a prevailing party and that this is an exceptional case under 35 U.S.C. § 285 and *Octane Fitness, LLC v. Icon Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014) and its progeny;

      G.     An Order awarding Mystic its costs, expenses, disbursements, and attorneys' fees, under 35 U.S.C. § 285 and *Octane Fitness, LLC v. Icon Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014) and its progeny; and

      H.     An Order awarding such other and further relief as this Court deems just and proper.

## JURY DEMAND

Mystic hereby demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury of all issues so triable.

Dated:  July 21, 2015                           Respectfully submitted,

                                                ROBINSON & COLE LLP


                                                By: */s/Nuala E. Droney*
                                                Nuala E. Droney (ct27192)
                                                James R. Nault (ct29500)
                                                Robinson & Cole LLP
                                                280 Trumbull Street
                                                Hartford, CT 06103
                                                Tel: (860) 275-8200
                                                Fax: (860) 275-8299
                                                Email: ndroney@rc.com, jnault@rc.com

                                                *Attorneys for Mystic Logistics, LLC*